**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**VICKY JONES,**
**On Behalf of Themselves and**
**All Others Similarly Situated,**

**Plaintiffs,**

**v.** **Civil Action No.** 2:26-cv-00033
**(Lincoln Co. No. 25-C-81)**

**GATEWAY FIRST BANK d/b/a**
**GATEWAY MORTGAGE,**

**Defendants.**

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. § 1441, Defendant Gateway First Bank d/b/a Gateway Mortgage ("Gateway") by and through undersigned counsel, files this Notice of Removal of the above-styled civil action upon federal question jurisdiction under 28 U.S.C. § 1331.

**TIMELINESS OF REMOVAL**

1. Plaintiff filed this civil action on or about December 4, 2025, in the Circuit Court of Lincoln County, West Virginia, where it is docketed as Civil Action No. 25-C-81. *See* Plaintiff's Complaint, attached as **<u>Exhibit A</u>**.

2. Thereafter, on December 12, 2025, Plaintiff filed her Amended Complaint, which made no substantive changes beyond correcting Gateway's name. *See* Plaintiff's Amended Complaint, attached as **<u>Exhibit B</u>**.

3. By her original Complaint and Amended Complaint, Plaintiff alleges that Defendant violated certain provisions of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.* ("RESPA"). *See, e.g.* **<u>Exhibit B</u>**. As a result of these alleged violations, Plaintiff

maintains that, among other things, she has been "annoyed, harassed, unable to inspect [her] mortgage, had to suffer through delay, multiple mailings, and hassle." *See* **Exhibit B**, at ¶ 18.

4. Gateway, via the West Virginia Secretary of State, was served with the original Complaint on December 17, 2025.[1]

5. Pursuant to 28 U.S.C. § 1446(b), a defendant is to file a notice of removal within thirty (30) days from the date that the defendant receives formal service of process. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

6. This Notice of Removal is timely, in that it has been filed within thirty (30) days of service of Plaintiff's Class Action Complaint. *See* 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

### A. Federal Question

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as Plaintiff's claim pursued under RESPA constitutes a federal question. *See, e.g.*, *Roos v. Seterus, Inc.*, 2019 WL 4750418, at *1, n. 2 (D. Md. Sept. 20, 2019) ("[t]he Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 is a federal statute."); *see also Parks v. RoundPoint Mortg. Servicing Corp.*, 2019 WL 1519303, at *1 (S.D. W. Va. April 8, 2019) (deciding case on a Motion for Summary Judgment after defendant removed the action to federal court based on diversity jurisdiction and federal question because "RESPA, Regulation Z, and regulations concerning VA loans arise under federal statutory law"); *Russell v. Bank of America, N.A.*, 2012 WL 13028202, at *3 (N.D. W. Va. Jan. 18, 2012) (deciding case on Motion to Dismiss after defendant removed the case to federal court based on complete diversity and federal question presented by the RESPA cause of action).

[1] *See* https://apps.sos.wv.gov/business/service-of-process/Home/Details/351070 (last visited January 15, 2026).

**B. Article III Standing**

8. Plaintiff asserts that she "lacks Article III standing to bring a claim in federal court because she alleges an injury in law and does not allege that Defendant's statutory violation has concretely harmed [her]." (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021)). *See* **Exhibit B** ¶ 4.

9. However, Plaintiff's reliance on *TransUnion* is suspect. As the Supreme Court expressly noted in *TransUnion*, it "take[s] no position on whether or how such an emotional or psychological harm could suffice for Article III purposes." *Id.* at 436 n.7; *see also Doe v. Marshall Univ. Bd. of Governors*, No. CV 3:22-0346, 2023 WL 2938963, at *3 (S.D.W. Va. Apr. 13, 2023) (Chamber, J.) (observing that *TransUnion* "takes no position on whether or how such an emotional or psychological harm could suffice for Article III purposes" and that it remains unclear whether "bare claims of emotional injuries" are sufficient "to establish a concrete harm for purposes of establishing Article III standing.")

10. Moreover, notwithstanding Plaintiff's conclusory assertion that she lacks Article III standing, the factual allegations set forth in her Amended Complaint appear to allege concrete and particularized injuries sufficient to confer standing.

11. Specifically, Plaintiff alleges that she has been "annoyed, harassed, unable to inspect [her] mortgage, had to suffer through delay, multiple mailings, and hassle." *See* **Exhibit B**, ¶ 18. These allegations constitute assertions of actual, personal harm.

12. Plaintiff further alleges, through her correspondence with Gateway, that she "may" have been assessed "illegal fees" that could have been added to her mortgage loan balance. *See* **Exhibit B**, at Exhibits 3 and 5.

13. Finally, Plaintiff's prayer for relief supports concrete harm. She seeks actual damages under RESPA, statutory damages under RESPA, as well as general and punitive damages. *See* **Exhibit B** ¶ 66.

**FILING AND SERVICE OF NOTICE**

15. As required by 28 U.S.C. §1446(a) a copy of the Docket from the Circuit Court of Lincoln County is attached as **Exhibit C**.

16. Furthermore, a copy of this Notice of Removal is being filed in the Circuit Court of Lincoln County, West Virginia.

17. A copy of this Notice of Removal is also being served on all counsel of record, as reflected in the attached Certificate of Service.

18. Gateway is the only defendant in this action, such that no other party needs to consent to this removal.

**WHEREFORE,** Defendant Gateway gives notice that the above-styled action previously pending in the Circuit Court of Lincoln County, West Virginia, is removed from that Court to the United States District Court for the Southern District of West Virginia, at Charleston.

Respectfully submitted,

*/s/ Alex J. Zurbuch*

Alex J. Zurbuch (WV Bar No. 12838)
Dylan J. George (WV Bar No. 14253)
FBT Gibbons LLP
500 Virginia Street East, Suite 1100
Charleston, WV 25301
Telephone: 304.348.2419
azurbuch@fbtgibbons.com
dgeorge@fbtgibbons.com

*Counsel for Gateway First Bank*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**VICKY JONES,**
**On Behalf of Themselves and**
**All Others Similarly Situated,**

**Plaintiffs,**

**v.** **Civil Action No.** 2:26-cv-00033
**(Lincoln Co. No. 25-C-81)**

**GATEWAY FIRST BANK d/b/a**
**GATEWAY MORTGAGE,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, Alex J. Zurbuch, hereby certify that on January 15, 2026, a copy of the foregoing ***Notice of Removal*** was filed using the Court's ECF filing system. In addition, a copy of the same will be filed in the Circuit Court of Lincoln County via that Court's E-filing platform, providing notice to:

Benjamin Sheridan, Esq.
Jed R. Nolan, Esq.
Klein & Sheridan, L.C.
3566 Teays Valley Road
Hurricane, WV 25525

*/s/ Alex J. Zurbuch*
Alex J. Zurbuch (WV Bar No. 12838)