**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

VICKY JONES,

        Plaintiff,

v.                                  CIVIL ACTION NO.   2:26-cv-00033

GATEWAY FIRST BANK,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion to Remand to State Court and Memorandum of Law in Support (28 U.S.C. § 1447(c))* (Document 9), the Defendant's *Response in Opposition to Plaintiff's Motion to Remand* (Document 12), and the *Plaintiff's Reply in Support of Motion to Remand* (Document 13), as well as the Plaintiff's *First Amended Class Action Complaint* (Document 1-2).   For the reasons stated herein, the Court finds that the motion to remand should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiff, Vicky Jones, brought this suit against Defendant Gateway First Bank, doing business as Gateway Mortgage, in the Circuit Court of Lincoln County, West Virginia.   She alleges that Gateway had servicing duties for her mortgage until August 2, 2024.   On July 8, 2025, she "sent a qualified written request letter and notice of error to Gateway," requesting information including a payment history, record of fees, and her account ledger, among other things.   (Am. Compl. at ¶ 9.)   USPS tracking indicates that Gateway picked up the letter on or about July 21, 2025.   Gateway did not acknowledge receipt, investigate, or respond to her letter.   The Plaintiff

alleges that "[a]s a result of the Defendant's failure to respond to Plaintiffs' letters, Plaintiffs have been annoyed, harassed, unable to inspect their mortgage, had to suffer through delay, multiple mailings, and hassle." (*Id.* at ¶ 18.) The Plaintiff contends that the Real Estate Settlement Procedures Act (RESPA) requires that servicers respond to Qualified Written Request (QWR) letters from consumers seeking information about their mortgages, and Gateway "systematically ignores all such letters." (*Id.* at 1.)

The Plaintiff seeks to bring her claims on behalf of herself and a class consisting of "All consumers in the United States who mailed qualified written requests and/or notices of error and did not receive any acknowledgment and/or a response to their request." (*Id.* at ¶ 20.) Her sole claim for relief is for "Violations of RESPA (Individual and Class)." (*Id.* at 6). She seeks actual damages for the violations of RESPA, statutory damages, litigation costs, and general and punitive damages. The Plaintiff states in her amended complaint that she "lacks Article III standing to bring a claim in federal court because she alleges an injury in law and does not allege that Defendant's statutory violation has concretely harmed them." (*Id.* at ¶ 4.) The Defendant removed the action on January 15, 2026, and the Plaintiff seeks remand.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original

---

1       Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the substantial federal question doctrine, a cause of action raises issues of federal law if "a disputed question of federal law is an essential element of one of the well-pleaded state claims." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 445 (4th Cir. 2005). To proceed in federal court, the plaintiff must have standing, and "the party invoking federal jurisdiction bears the burden of establishing standing." *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 246 (4th Cir. 2023) (internal punctuation omitted) (quoting and citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). In

---

28 U.S.C. § 1441(a).

3

deciding whether to remand, because removal by its nature infringes upon state sovereignty, federal courts must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Plaintiff argues that the Defendant cannot establish Article III standing in this case because she has not alleged that the statutory RESPA violations caused her concrete harm. She argues that her complaint contains no factual basis for actual damages. She relies on recent decisions from Judge Chambers finding similar allegations insufficient to show concrete harm in cases alleging only statutory violations. She points out that, "[b]ecause Gateway did not respond with the required records, [she] *could not* allege concrete harm due to the lack of corroborating documentation." (Pl.'s Reply at 1.) Thus, she argues that the Court lacks subject matter jurisdiction and must remand this case.

The Defendant argues that stating a claim under RESPA requires pleading actual damages, and her effort to disclaim damages for standing purposes should be rejected. It argues that the Plaintiff's allegations that she has been annoyed, harassed, unable to inspect her mortgage, and suffered delay, inability to inspect her mortgage, and hassle, as well as a contention in a letter that illegal fees may have been added to her loan balance, are all sufficient to state a claim for actual damages. Should the Court remand, the Defendant requests that the Court include language cautioning the Plaintiff "against changing her tune on injury and damages in state court." (Def.'s Resp. at 9.)

Federal courts have subject matter jurisdiction to hear cases only if the plaintiff has standing to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).

4

Standing requires that the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* The first element, injury in fact, is at issue in this case. "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm. No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). Concrete harm requires "harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* "The intangible harm of enduring a statutory violation, standing alone, typically won't suffice under Article III—unless there's separate harm (or a materially increased risk of another harm) associated with the violation." *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 243 (4th Cir. 2023). "Article III standing requires a concrete injury even in the context of a statutory violation," and allegation of "a bare procedural violation, divorced from any concrete harm" is insufficient. *Spokeo*, 578 U.S. at 341.

The Fourth Circuit has addressed the concrete injury requirement in the context of alleged statutory violations in several recent cases. In a case alleging RESPA violations based on a kickback scheme between their realtor and settlement service provider, the court concluded that "the deprivation of impartial and fair competition between settlement services providers—untethered from any evidence that the deprivation thereof increased settlement costs—is not a concrete injury under RESPA." *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 254 (4th Cir. 2020). The Fourth Circuit later found that a plaintiff failed to show a concrete injury flowing from an alleged statutory violation, where a tenant screening report misleadingly indicated an OFAC (Office of Foreign Assets Control) possible match, because there was no evidence that any third party had read or understood the misleading information such that it could cause reputational

5

harm.  *Fernandez v. RentGrow, Inc.*, 116 F.4th 288, 300 (4th Cir. 2024).  The Fourth Circuit directed remand to state court in a case that had been removed to federal court, where a plaintiff "alleged only a bare statutory violation and no Article III injury," finding that the lack of subject matter jurisdiction precluded consideration of the merits.  *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 242 (4th Cir. 2023).

Since the Supreme Court decided *TransUnion, LLC v. Ramirez*, several district courts within the Fourth Circuit have addressed cases similar to this one, wherein plaintiffs craft their pleadings to avoid stating a concrete harm that would permit federal jurisdiction.  The District Court of Maryland remanded a case in which "Plaintiff has transparently crafted his Complaint to circumvent federal jurisdiction. Nowhere in the Complaint is any assertion that Plaintiff or any person he seeks to represent suffered any concrete injury."  *Crouse v. First Nat'l Bank of Pennsylvania*, No. CV SAG-24-1216, 2024 WL 4007931, at *2 (D. Md. Aug. 30, 2024).  In a similar case decided the same day, the District Court of Maryland explained that it lacked jurisdiction where the plaintiff did not allege "that he was overcharged or suffered any increased costs" or other harm, "but rather that the Bank violated RESPA, and he had loans with the Bank." *Davis v. First Nat'l Bank of Pennsylvania*, No. CV SAG-24-1575, 2024 WL 4007947, at *2 (D. Md. Aug. 30, 2024).   Ultimately, the court explained that "[d]espite the unconventional backstory in this case, it ultimately does not present a particularly unusual question. Where a federal court finds a case that has been removed from state court—even one that presents a federal question— does not satisfy the requirements of Article III standing, it is obligated to remand that matter to state court."  *Id.* at 3.  The Western District of North Carolina recognized a series of cases in North Carolina with similar claims, wherein "the parties failed to establish an allegation of

concrete harm and thus lacked the Article III standing necessary to support federal subject matter jurisdiction." *Mullins v. Monarch Recovery Mgmt., Inc.*, No. 521CV00120KDBDSC, 2022 WL 11141325, at *1 (W.D.N.C. Oct. 19, 2022).

The Defendant argues that the Plaintiff's contention that she has been "annoyed harassed, unable to inspect [her] mortgage, had to suffer through delay, multiple mailings, and hassle," alleges sufficiently concrete harm to satisfy Article III for standing purposes.  (Def.'s Resp. at 5-6, quoting Pl.'s Compl. at ¶18.)  Such "vague and undifferentiated allegations…. [a]bsent concrete facts pertaining to actual events" are insufficient to establish Article III standing. *Abraham v. St. Mary's Hosp. of St. Mary's Cnty., Inc.*, No. CV DKC 25-3479, 2026 WL 847802, at *5 (D. Md. Mar. 27, 2026) (where plaintiff alleged "direct and indirect negative impacts on health and welfare; emotional distress; increased risk of emotional distress, mental pain and suffering; PI theft; publication of their PI to the Dark Web; damages to and diminished value of their PI; loss of the opportunity to control how their PI is used; continued risk of exposure of their PI to bad actors; impairment of their credit scores; and time and costs spent on efforts to mitigate misuse of their PI, including monitoring and restricting compromised accounts, enrolling in and using credit monitoring services, purchasing additional computer security, and dealing with frozen or flagged assets and credit").  As cited by the Plaintiff, Judge Chambers found that allegations that a loan servicer violated state consumer protection laws by miscalculating her payments and made false and misleading representations was not sufficient to demonstrate a concrete injury where she did not allege that she had "made any excessive payments or expended any resources" as a result of the statutory violation.  *Stevens v. Nelnet Servicing, LLC*, No. CV 3:24-0280, 2025 WL 1334071, at *5 (S.D.W. Va. May 7, 2025) (Chambers, J.)

The Plaintiff's factual allegations consist only of her mailing of a QWR, the Defendant's receipt of the same, and its failure to respond. She does not allege that the statutory violation caused her to suffer any financial loss, reputational harm, or other harm. Therefore, the Court finds that the Defendant has not met its burden of establishing that the Plaintiff's allegations, if proven, would support a finding of concrete harm sufficient to establish standing for suit in federal court. *See Aduayi v. PHH Mortg. Servs.*, No. 23-CV-10857-ADB, 2024 WL 1018441, at *8 (D. Mass. Mar. 8, 2024) (concluding that plaintiffs alleging similar RESPA violations lacked standing where their "only alleged injury that that they were not provided with the information and materials they requested").[2] Because the Plaintiff does not have standing, this Court lacks subject matter jurisdiction, and her motion to remand must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand to State Court and Memorandum of Law in Support (28 U.S.C. § 1447(c))* (Document 9) be **GRANTED**. The Court **ORDERS** that this matter be **REMANDED** to the Circuit Court of Lincoln County, West Virginia, for further proceedings.

---

[2] The Defendant did not cite informational injury as a potential source of concrete harm for standing purposes, and the law is not sufficiently clear in that area to overcome the standard requiring that all doubt about the propriety of removal be resolved in favor of state jurisdiction. In *TransUnion*, the Supreme Court rejected informational injury as a basis of standing, noting that the plaintiffs had argued only that they received information in the wrong format and failed to identify any adverse consequences from failing to receive the required information. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441-42 (2021) (distinguishing prior cases that had involved "information subject to public-disclosure or sunshine laws that entitle all members of the public to certain information"). The Fourth Circuit subsequently held that "a plaintiff need not show a use for the information being sought in order to establish an injury in fact," finding that *TransUnion* had not overruled previous cases to that effect, and concluding that the discussion in *TransUnion* regarding the lack of adverse effects related only to "the type of informational injury" at issue in that case, in contrast to prior cases. *Laufer v. Naranda Hotels, LLC*, 60 F.4th 156, 170 (4th Cir. 2023). *Laufer* involved public information, and it is not clear whether its analysis would extend to the private information sought by the Plaintiffs in this case.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Lincoln County, to counsel of record, and to any unrepresented party.

ENTER:    May 27, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

9